996 F.2d 317
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph L. WHYDE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3209.
 United States Court of Appeals, Federal Circuit.
 April 2, 1993.
 
 Before RICH, MAYER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Joseph L. Whyde seeks review of the decision of the Merit Systems Protection Board (Board) in Docket No. CH831E9110423. By Order dated December 9, 1991, the Board denied Mr. Whyde's petition for review of the initial decision of the administrative judge (AJ). In his decision, the AJ affirmed the reconsideration decision of the Office of Personnel Management (OPM) which disallowed Mr. Whyde's application for disability retirement on the grounds that the application was not timely filed and that Mr. Whyde was not entitled to a waiver of the time limitation for filing an application. For the reasons set forth below, we reverse the decision of the Board and remand the case for a hearing on the question of whether Mr. Whyde is entitled to a waiver of the one year time limitation set forth in 5 U.S.C. § 8337(b) for the filing of an application for disability retirement.
 
 BACKGROUND
 
 2
 The statute requires that an application for disability retirement be filed with OPM before an employee retires from service or within one year thereafter. 5 U.S.C. § 8337(b). It is undisputed that OPM did not receive Mr. Whyde's application for disability retirement until December 21, 1990, more than one year after Mr. Whyde was separated from the Postal Service on September 2, 1988.
 
 
 3
 The statute provides, however, that the time limitation may be waived for an employee who
 
 
 4
 at the date of separation is mentally incompetent, if the application is filed within one year from the date of restoration of the employee ... to competency or the appointment of a fiduciary, whichever is earlier.
 
 
 5
 5 U.S.C. § 8337(b).
 
 
 6
 OPM has stated, and the parties agree, that for purposes of the waiver provision, mental incompetency means that an individual "is or was unable to handle his/her personal affairs because of either physical or mental disease or injury."
 
 
 7
 Mr. Whyde appealed OPM's reconsideration decision to the Board on a pro se basis. On April 11, 1991, after the appeal was filed, the AJ issued the standard Acknowledgement Order. Thereafter, on June 14, 1991, the AJ held a telephone conference with the parties. Following the conference, the AJ issued an order in which he stated that, in the course of the conference, Mr. Whyde withdrew his request for a hearing and agreed to have his appeal decided on the basis of his and OPM's written submissions. On appeal, Mr. Whyde contends that, at the time, he was not aware that he was waiving his right to a hearing and that he only intended to postpone the hearing date.
 
 
 8
 On June 21, 1991, the AJ rendered his decision. In affirming OPM's reconsideration decision that Mr. Whyde was not entitled to a waiver of the one year time period for applying for disability retirement, the AJ stated that Mr. Whyde "did not submit any evidence of mental incompetency." The AJ concluded that Mr. Whyde was not entitled to a waiver "[b]ecause the appellant does not claim nor does the record show that he was mentally incompetent at the time of his separation from the service or within one year after the separation...."
 
 DISCUSSION
 
 9
 We review a decision of the Board to determine whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation being followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7702(c). Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert denied 479 U.S. 1037 (1987). In this case, we conclude that the decision of the Board must be reversed because, in view of Mr. Whyde's assertions and the evidence before the AJ, the decision is based on an error of law. Specifically, the statements of the AJ that Mr. Whyde did not claim mental incompetency and that he did not submit evidence of mental incompetency are incorrect--given (1) what Mr. Whyde asserted before the AJ, (2) the evidence before the AJ, and (3) OPM's definition of mental incompetency.
 
 
 10
 In his appeal to the Board, Mr. Whyde relied upon the arguments and evidence which he had presented to OPM. In brief, he claimed that, in addition to his not being aware of the one-year limitation period, a case of extreme "chronic fatigue syndrome" had reduced him to a state in which he was unable to adequately function, either physically or mentally. To support his claim, he presented his own written statement, as well as written statements of a doctor, his mother, and a third individual. Having carefully reviewed Mr. Whyde's appeal to the Board and the four written statements noted above, we conclude that, contrary to the AJ's belief, Mr. Whyde did in fact claim before the Board--and submit evidence in support of the claim--that during the relevant period of time, he had been "unable to handle his personal affairs because of either physical or mental disease or injury." In short, it appears that the AJ misconstrued Mr. Whyde's claim and the evidence he submitted in support of the claim, given OPM's definition of mental incompetency for purposes of the waiver provision in the statute.
 
 
 11
 Mr. Whyde is entitled to have his claim for a waiver and whatever evidence he submits in support of that claim properly considered in the light of OPM's definition of mental incompetency. That has not yet been done. Accordingly, the decision of the Board is reversed and the case is remanded. On remand, in accordance with his request on appeal, Mr. Whyde should be afforded a full evidentiary hearing on the issue of his entitlement to a waiver of the one year time period set forth in 5 U.S.C. § 8337(b).
 
 COSTS
 
 12
 Each party to bear it own costs.